W. S. McAULEY ET AL. v. J. H. COOLEY.

FILED JUNE 21, 1895. No. 5305.

Partnership: DISSOLUTION: ACTION AT LAW BETWEEN PART-NERS. Where a partnership business has been fully settled upon an agreed basis furnished by the books kept by one partner, and all its assets by agreement have been turned over to the other partner, and afterward it transpires that by reason of the failure of the partner who kept the aforesaid books to enter therein items showing his own receipt of money of the firm his partner has suffered damage to the extent of such items, an action at law may be maintained for such damage against the partner who caused such injury, and against such sureties as have agreed to be responsible for damages of the character described.

ERROR from the district court of Adams county. Tried below before GASLIN, J.

*John M. Ragan, J. B. Cessna,* and *Capps & Stevens,* for plaintiffs in error.

*Dilworth, Smith & Shockey, contra.*

RYAN, C.

On the 12th day of October, 1888, J. H. Cooley and George A. Bentley entered into a written agreement whereby

they associated themselves as partners under the firm name
of J. H. Cooley & Co., for the purpose of dealing in lum-
ber.   By the terms of this agreement George A. Bentley's
obligations were as follows: "The said George A. Bent-
ley shall and he is hereby firmly bound to give all of his
time and use his best efforts to promote the interest of their
business.  · The said George A. Bentley is to keep the books
of the firm in a careful and workmanlike manner and to
render a just, true, and accurate account of all goods, wares,
commodities, merchandise, moneys, and accounts at any
time required, and to do all the work required to be done
in the business as long as one man can do it, after which
the expense of hiring a man shall be done equally out of
the business.   And George A. Bentley to be allowed to
draw his personal expense a sum not to exceed forty dol-
lars ($40) for each month, which amount shall be charged
to his personal account and come out of his share of the
profits."   The plaintiffs in error, by their written under-
taking in relation to the above contract, bound themselves
as follows: "Whereas, on the 12th day of October, 1888,
the above bounden George A. Bentley and the said J. H.
Cooley entered into a copartnership for the purpose of car-
rying on the business of lumber and coal, etc., in the vil-
lage of Holstein, in the county of Adams, and state of
Nebraska: therefore, the condition of this obligation is
such that if the above bounden George A. Bentley shall do
and perform all the acts and requirements of the written
contract entered into by and between the said parties of the
above date, and shall carry out the obligations therein re-
quired of him strictly to its spirit and terms, then this ob-
ligation to be void, otherwise to remain in full force and
effect."   The firm of J. H. Cooley & Co. was dissolved
about July 31, 1889.  On the date last named it is clear
from the evidence that the lumber owned by the firm was
measured and an invoice made.   There was a settlement
made between the individual members of the firm at or

about that time, and the entries in the firm books by Bentley being assumed to be correct, were acted upon by both parties as a reliable basis for a full settlement of the partnership matters. Not only was a settlement made at this time, but pursuant thereto all the assets of the partnership firm were turned over and transferred to J. H. Cooley. Upon the basis assumed, it was agreed between the partners that there was due from Bentley to Cooley the sum of $13. This action at law was brought for the most part to recover upon the bond signed by the plaintiffs in error the several amounts which Bentley had been paid and had failed to make a record of in the books of the copartnership in any way. The allegations of the petition were very general, but were based upon the theory that for whatever sums Bentley had received to his own use and made no entry of in the books (which it was his duty accurately to keep), the plaintiffs in error were liable. While the petition was perhaps less definite than it might have been, there was no objection made on that score; nor, indeed, do we understand that even now such objection is urged. The plaintiffs in error insist, however, that no suit at law could be maintained between the partners until a settlement had been had between them. There was just such a settlement and an adjustment of the liability of each upon a false, misleading basis furnished by the partner, for the faithful performance of whose duties in that very respect the plaintiffs in error were liable. This action was not to wind up a partnership, but was for the failure of one partner to perform certain duties as he had contracted with another person to do them. True, these duties pertained to partnership affairs between the contracting parties. The undertaking in this respect was none the less that of Bentley individually, and for faithful performance of such individual undertaking plaintiffs in error were liable. There was sufficient evidence to sustain a finding that the failure of Bentley to account for moneys received by him had resulted in damage to Cooley to the amount found by the court.

There was a claim made in argument that because the articles of copartnership provided that the partnership investment should not exceed $3,000, whereas in fact $5,000 was invested, therefore plaintiffs in error were released from their guaranty. We fail to see why this result should follow, for the gravamen of this action was the failure of Bentley to perform his duties, and his failure in this respect had no relation to the investment in the business of more than was contemplated by the articles of agreement. It is quite likely that the limitation of $3,000 would have prevented a recovery of more than that amount in case Bentley had misappropriated a sum in excess thereof, but such a liability would be much in excess of that for which Bentley and his sureties were, in fact, found answerable. The mere fact that more had been advanced than the defendant in error was bound to furnish would not discharge the sureties. (*Clagett v. Salmon*, 5 G. & J. [Md.], 314; *Morris Canal Co. v. Van Vorst*, 1 Zabr. [N. J.], 100.) The judgment of the district court is

AFFIRMED.

RAGAN, C., having been of counsel in this case, took no part in its consideration or determination.