Taylor v. Standard Life & Accident Ins. Co.

| 47 | 673 |
| 51 | 129 |

WILLIAM B. TAYLOR V. STANDARD LIFE & ACCI-
DENT INSURANCE COMPANY.

FILED MARCH 18, 1896.   No. 6328.

1. **Principal and Agent:** CONTRACT OF EMPLOYMENT: ALTERA-
TION: EVIDENCE: LIABILITY OF AGENT'S SURETIES. A
contract between an insurance company and its agent
provided that the latter should make monthly reports of
business transacted and on demand pay over to his prin-
cipal all moneys due him. The agent's compensation was
fixed at twenty-five per cent of the business done and he
gave a bond to secure the performance of his contract.
After the execution of the bond, and without the knowl-
edge of the surety thereon, the agent's compensation was
changed to twenty-eight and one-third per cent, and he
was given permission to employ solicitors of insurance,
paying them out of his commission. In a suit against
the surety on the bond to recover money which it was
alleged the agent had not accounted for, *held*, (1) that the
compensation of the agent was not an essential ingredi-
ent of the contract of the surety; and increasing his com-
pensation did not amount to a re-employment of the
agent at a different compensation from that fixed in the
contract; (2) that there had been no material alteration
in the terms of the contract to secure the performance of
which the bond was given, and that the surety thereon
was not released.

ERROR from the district court of Douglas
county. Tried below before DAVIS, J.

The facts are stated in the opinion.

*Frank T. Ransom,* for plaintiff in error:

There was a clear departure from the terms of
the contract. The testimony offered to prove the
alteration in the terms of the agreement should
have been received. (*Hibbs v. Rue,* 4 Pa. St., 348;
*Anderson v. Bellenger,* 87 Ala., 334; *Farnsworth v.*

47

*Coots*, 46 Mich., 117; *Kimball v. Baker*, 62 Wis., 529; *Stull v. Hance*, 62 Ill., 52; *Phillips v. Singer Mfg. Co.*, 88 Ill., 305; Brandt, Suretyship, sec. 397, and cases cited.)

*George W. Ambrose* and *Frank H. Gaines,.contra.*

References: *Atchison & N. R. Co. v. Washburn*, 5 Neb., 123; *Stoddard v. Onondaga Annual Conference*, 12 Barb. [N. Y.], 573; *McKyring v. Bull*, 16 N. Y., 308; *Peet v. O'Brien*, 5 Neb., 363; *Lawrence v. Wright*, 2 Duer [N. Y.], 674; *Van Schaich v. Winne*, 16 Barb. [N. Y.], 90; *Schenck v. Naylor*, 2 Duer [N. Y.], 675; *Chamberlain v. Gorham*, 20 Johns. [N. Y.], 145; *Reynolds v. Rogers*, 5 O., 170; *Strawbridge v. Baltimore & O. R. Co.*, 14 Md., 360; *Minor v. Mechanics Bank*, 1 Pet. [U. S.],.73.

RAGAN, C.

On the 23d day of September, 1890, one M. C. Nichols was a general or district agent of the Standard Life & Accident Insurance Company of Detroit, Michigan, hereinafter called the "Insurance Company." On that date he appointed one R. C. McClure his agent, for the purpose of canvassing for applications for insurance in the Insurance Company, issuing policies and tickets therefor, and attending to such other duties as might properly appertain to the agency in and for the city of Denver, Colorado. By the terms of McClure's contract of employment, which was in writing, he agreed to keep regular and accurate statements of all the transactions and business done by him as Nichols' agent, and on or before the 10th of each month transmit to Nichols a report in detail of the business transacted up to and including the last day of the previous month.

These reports were to show the balance for which McClure was accountable by reason of his agency. The contract of employment provided further that McClure should hold in trust for Nichols all moneys and securities collected and received by him as agent, and faithfully pay over and account for the same to Nichols or to the Insurance Company, or its representative, in case of Nichols' resignation, removal, or death. On the 24th day of September, 1890, McClure as principal, and W. B. Taylor as surety, executed a bond to Nichols, conditioned for the faithful performance by McClure of his agreements in his said contract of employment as Nichols' agent. Nichols brought this action in the district court of Douglas county against Taylor, the surety on the bond, to recover a sum of money which he alleged McClure had collected as agent and failed to account for and pay over. By agreement of counsel the Insurance Company was substituted in the district court as plaintiff for Nichols. It had a verdict and judgment and Taylor prosecutes to this court a petition in error.

1. The first assignment of error argued in the brief here relates to the ruling of the district court in excluding evidence offered by Taylor to prove that the principals in the bond had changed the contract to secure the performance of which the bond sued on was given, or, in effect, that whatever money McClure had collected and failed to account for while agent of Nichols, he had collected under a contract made between Nichols and McClure subsequent to the date of the contract of the 23d of September, 1890, and materially different from said contract. Taylor, in his answer, admitted the execution of the con-

tract of September 23d, 1890, between Nichols
and McClure, the execution of the bond sued
upon, and substantially denied all the other alle-
gations in the petition. Another defense inter-
posed by Taylor was that from the time of the
execution of the contract of the 23d of Sep-
tember, 1890, McClure made regular monthly
reports to Nichols; that said reports showed
what was due from McClure on account of his
agency; that Nichols, upon receipt of said re-
ports, did not insist on McClure paying the
amount which the report showed he owed, but
allowed McClure to retain said amounts and ex-
tended the time within which the said sums of
money might be paid. Another defense of Tay-
lor was that Nichols, knowing that McClure
was in default, neglected to notify Taylor, the
surety, of the fact and continued to deal with Mc-
Clure and allow him to continue to act as agent
under the contract and bond. A still further de-
fense pleaded by Taylor was that Nichols was
guilty of negligence in not demanding from Mc-
Clure on the 10th of each month, when he made a
report, the amount of money for which the report
showed he, McClure, was indebted, and was
guilty of negligence in neglecting to notify Taylor
of the condition of McClure's accounts. Neither
argument nor citation of authority is necessary to
show that under this answer the plaintiff in error
was not entitled to have the evidence he offered go
to the jury. If the principals to the contract, to
secure the performance of which by McClure the
bond was given, materially modified that contract
so that the money collected by McClure and not
accounted for by him was in fact collected under
a contract materially different from the one to

secure which the bond sued on was given, then that fact should have been pleaded as an affirmative defense. The fact, if it existed, was new matter and could not be proved under a general denial.

2. The second assignment of error argued relates to the refusal of the district court to give the jury the following instruction: "If you believe from the evidence that up to the 3d day of June, 1891, the said R. C. McClure acted as agent, under the contract of September 23, 1890, for the plaintiff, and up to that date he paid over to the plaintiff or its agent all moneys coming into his hands by virtue of the agency, and that about that date said McClure and the plaintiff modified the contract of September 23, 1890, by a letter of June 3, 1891, and that all the money for which said McClure is now in default was collected by him as agent of the plaintiff under the modification of June 3, 1891, you will find for the defendant, W. B. Taylor." The letter introduced in evidence, by which plaintiff in error claims that the contract of the 23d of September, 1890, was modified by Nichols and McClure, conceded to McClure a commission on all new business of twenty-eight and one-third per cent, whereas under the contract of September 23, 1890, McClure's commission on business was to be twenty-five per cent. This change in the amount of compensation which McClure was to receive in no manner changed the duties of McClure and did not amount to a material modification of the contract between McClure and Nichols; and were it competent and relevant evidence, it would not prove or tend to prove a material alteration of the contract to secure the performance of which the bond in suit was given.

(*Domestic Sewing Machine Co. v. Webster*, 47 Ia., 357; *Amicable Mutual Life Ins. Co. v. Sedgwick*, 110 Mass., 163.) The letter also authorized McClure to secure or appoint solicitors of insurance if he should think best, on the basis that his, McClure's, commission was to be twenty-eight and one-third per cent on new business, the persons so appointed as solicitors by him to be paid their commission out of the commission allowed him, McClure. This was not adding to the obligations or duties required of McClure by his contract, and not a material alteration of it. In other words, the risk which the surety assumed in signing McClure's bond was not increased nor indeed changed by this letter. The letter itself was irrelevant testimony under the issues made by the pleadings and should not have been admitted. But the letter as evidence did not have the effect claimed for it by the plaintiff in error. The compensation of McClure was not an essential ingredient of the contract of the surety, nor did this letter amount to a re-employment of McClure at a different compensation. The court did not err in refusing to give the instruction. The judgment of the district court is right and is in all things.

AFFIRMED.