G. E. Burke, appellant, v. T. W. Bass, State
Treasurer, et al., appellees.

Filed May 20, 1932. No. 28213.

*Good, Good & Kirkpatrick* and *Paul F. Good,* for appellant.

*C. A. Sorensen, Attorney General,* and *Clifford L. Rein,* contra.

Heard before Goss, C. J., Rose, Dean, Good, Eberly, Day and Paine, JJ.

Day, J.

This is a suit in equity brought by plaintiff in his own behalf and on behalf of others in a similar situation to enjoin the state treasurer and the attorney general of the state of Nebraska from collecting the tax on gasoline, as provided by article IV, ch. 66, Comp. St. 1929. The petition alleges that he and his associates have purchased a carload of gasoline, to be shipped from Tyler, Texas, to Gurley, Nebraska, where it was to be unloaded and held in plaintiff's storage tank, from which gasoline would be drawn as needed by the plaintiff and his associates. The

gasoline was for the use of each 'of the parties, individually, in their tractor farming operations, and not for sale and not for motor vehicle use upon the highways. It is also alleged that, unless enjoined, officers of the state will collect the said tax from the plaintiff and his associates. It is alleged that this gasoline comes within the provisions of section 66-409, Comp. St. 1929, excepting from the tax interstate commerce; that this taxation constitutes a burden on interstate commerce prohibited by the provisions of section 8, art. I of the Constitution of the United States; and that the tax is in violation of the Fourteenth Amendment of the Constitution of the United States, and of section 3, art. I of the Constitution of Nebraska. A general demurrer to the petition was sustained by the trial court, whereupon the plaintiff elected to stand on his petition and the cause was dismissed. From this order an appeal is taken to this court.

The gasoline involved herein does not come within the exemption of the law, section 66-409, Comp. St. 1929, excepting interstate commerce, for that it had ceased to be interstate commerce. It had been unloaded from the tank car and placed in the plaintiff's container. It had become mingled with other property of the state and had lost its character as an article of interstate commerce and was taxable as other property. *New York v. Wells*, 208 U. S. 14; *Brown v. Houston*, 114 U. S. 622; *Bowman v. Continental Oil Co.*, 256 U. S. 642.

The gasoline tax is imposed by sections 66-401 to 66-415, Comp. St. 1929. Dealers are required to pay the tax. Under the statute, the term "dealers" includes any person who brings into or produces in the state motor vehicle fuel, which is for use, distribution or delivery in the state. The tax is an excise tax upon the use and distribution of gasoline within the state. *Pantorium v. McLaughlin*, 116 Neb. 61. It is not an impost tax. It applies to all motor vehicle fuels used and distributed within the state. For convenience, it is collected as nearly as possible to the source of production, from him who has it in his posses-

sion for use, distribution, sale or delivery in the state. The plaintiff in this case comes well within the term "dealers" as defined by the act. He was in possession of gasoline in a storage tank, for use, distribution and delivery in the state. It was to be delivered and distributed to the plaintiff and his associates, who had an interest in it for use within the state.

The construction of such a statute must be judged by its necessary effect. *Standard Oil Co. v. Graves,* 249 U. S. 389. The effect of this statute is to tax the use and sale within the state. Section 66-405, Comp. St. 1929, gives the state treasurer authority to refund tax paid on motor vehicle fuel destroyed by fire or act of God, or on which sales are taxed in another state. There is also an allowance for shrinkage. The tax is in effect an excise tax imposed upon the sale and use of motor vehicle fuels within the state.

Such a tax is not violative of section 8, art. I of the Constitution of the United States. It is only imposed when the motor vehicle fuel has lost its identity as interstate commerce. It is only sought to be imposed in this case when the gasoline has been unloaded, becomes mingled with and a part of the property of the state and ready for distribution and use within the state. *Bowman v. Continental Oil Co.,* 256 U. S. 642; *Askren v. Continental Oil Co.,* 252 U. S. 444.

It is argued that this gasoline was imported from another state in an original package, and that a tax upon its importation and sale as such is void as a burden upon interstate commerce. To support this contention, the appellant cites *Western Oil Refining Co. v. Lipscomb,* 244 U. S. 346, *Askren v. Continental Oil Co., supra,* and other cases, which are not applicable to the facts of this case, for that the tax involved in those cases is a property tax, and different from the tax here imposed upon the distribution and use of the gasoline, after it has ceased to be an article of interstate commerce.

The excise tax, as applied to local sale and use of gasoline by a dealer, is consistent with the due process and equal protection clauses of the Fourteenth Amendment of the Constitution of the United States. *Bowman v. Continental Oil Co.*, 256 U. S. 642. Appellant has not argued either orally or in his brief that the excise tax on motor vehicle fuel is violative of section 3, art. I of the Constitution of Nebraska. We do not find that the tax contravenes the limitation of the due process clause of the state Constitution.

AFFIRMED.