STATE OF NEBRASKA, APPELLEE, V. HOMER SMITH ET AL., APPELLANTS.

281 N. W. 851

FILED OCTOBER 28, 1938. No. 30305.

*Lee Basye, James P. Marron* and *Davis & Vogeltanz,* for appellants.

*Richard C. Hunter, Attorney General,* and *Francis V. Robinson, contra.*

Heard before ROSE, C. J., EBERLY, PAINE, CARTER and MESSMORE, JJ.

MESSMORE, J.

This is an action by the state of Nebraska against Homer Smith and others, doing business as a partnership under the name of the New Deal Transport Line, and Carl A. Asimus and Tony Asimus. The partners are alleged to have been engaged in the use and distribution of motor vehicle fuels, and Carl A. Asimus and Tony Asimus are sureties on the bond furnished to the state of Nebraska, to recover excise taxes, due the state upon motor vehicle fuels under the terms and provisions of House Roll No. 6, enacted by the Fifty-first session of the Nebraska legislature. Laws 1935, Special Session, ch. 16.

Plaintiff's petition alleges taxes due from defendants for the importation into the state of Nebraska of certain motor

vehicle fuels for use, distribution, sale and delivery in the state for the month of January, 1936, and seeks to recover a tax of five cents a gallon in the amount of $1,464.12; alleges that the defendants procured a license to carry on the business of importers of motor vehicle fuels, and executed and delivered a bond in the sum of $4,000; that they failed to pay the tax assessed on or before February 15, 1936, and are subject to a penalty for such refusal in the sum of $147.89, which was assessed. Plaintiff prays judgment for such amount and interest.

Defendants allege partnership, deny the authority of the state to collect an excise tax; allege that payments were made under duress and coercion and made by mistake. Defendants attack the constitutionality of the act, and by cross-petition sue William B. Banning, individually and as director of the department of agriculture and inspection of the state of Nebraska, and Walter H. Jensen, individually and as treasurer of the state of Nebraska, and in their cross-petition allege payments to the state under an excise tax, under provisions of Senate File No. 363 (Laws 1935, ch. 155) and House Roll No. 432 (Laws 1935, ch. 161) of the Fiftieth legislative session of Nebraska, which acts were held to be unconstitutional. The details of the cross-petition will not be set out, for the reason that it was properly stricken from the files upon motion of the plaintiff, and the special appearance of Banning and Jensen properly sustained. The district court awarded plaintiff a judgment against defendants and each of them in the sum of $1,660.34, with interest and costs. Defendants appeal to this court.

The appellants contend that the court erred in sustaining the special appearance of defendants Banning and Jensen and the plaintiff's motion to dismiss the cross-petition, citing sections 20-812, 20-813, 20-815, and 20-834, Comp. St. 1929.

This is a suit for revenue, brought by the state, and comes within the express provisions of section 27-325, Comp. St. 1929, which reads in part as follows: "In any civil action instituted by the state, except in actions for the collection

of revenue, * * * the defendant may, as a matter of defense, plead any set-off, counterclaim or cross-demand that he may have arising to him in his own right, and upon which an action could be maintained by him against the state."

Appellants attack the jurisdiction of the district court for Holt county, citing section 20-404, Comp. St. 1929, which provides that actions must be brought in the county in which the cause arose. The case at bar is governed by section 66-407, Comp. St. 1929, which in part reads: "Whenever any dealer shall fail to pay any tax due under the provisions of this Act, within the time limited herein, the attorney general, through the county attorney in the county in which the action is brought, shall enforce payment of such tax by civil action in the name of the state against such dealer, for the amount of such tax, in a court of competent jurisdiction." This provision contemplates an ordinary civil action in any county in which service of process can be had upon the defendant.

In the case of *Monteith v. Alpha High School District,* 125 Neb. 665, 251 N. W. 661, this court held: "In the absence of statute, taxes voluntarily paid cannot be recovered back. When a tax imposed is illegal and unauthorized for any purpose, an original action may be brought to recover the tax only by virtue of statutory or constitutional authority." This holding was followed in *Arlington Oil Co. v. Hall,* 130 Neb. 674, 266 N. W. 583, and in *Smithberger v. Banning,* 130 Neb. 354, 265 N. W. 10. Individual liability does not attach to Jensen or Banning.

The appellants assign as error that the change in the law, increasing the gasoline tax to five cents a gallon, releases the sureties on the bond from paying such tax, because the bond was executed when the law fixed the tax at four cents a gallon. In this connection, appellants state that the state's exhibit 1, a purported bond, is apparently signed by C. A. Asimus and Tony Asimus, while the exhibit in evidence shows A. C. Asimus at one place and C. A. Asimus at another; that the record is devoid of proof that the parties who signed the bond in evidence are the same

persons as appellants Carl A. and Tony Asimus; that there is no admission, in fact, and that there is a general denial in the answer.

The bond, with signatures thereon, admitted in evidence without objection, is sufficient to disclose that Carl A. Asimus and A. C. Asimus are one and the same party, and that C. A. Asimus intended to be bound by the conditions of the bond. As to the proper place for the signature, and that one may nevertheless become bound by any writing or signature wherever placed, evidencing his intention to become bound as surety, see 50 C. J. 33. In support of such alleged error, the appellants state: "It is a well-established rule that the law in effect at the time becomes a part of such a bond and a material change in the law releases the sureties;" that the law in effect at the time this bond was signed was section 66-405, Comp. St. Supp. 1933, which act provided for a tax of four cents a gallon; that this act was amended in 1935 and declared unconstitutional, and was reenacted at a special session of the 1935 legislature; that the acts of that session are claimed to be unconstitutional, and that among other changes in the law was that the rate of tax was increased to five cents a gallon, which is a material change, and releases the sureties.

The bond requires prompt payment to the state of Nebraska of the motor vehicle fuels tax imposed by the law, with all penalties and interest, in the way and manner at the time provided by law. In 61 C. J. 1033, it is said that if a bond "is conditioned for the faithful performance of the collector's duty, or for the payment of all money collected by him, it will cover every class and variety of taxes lawfully committed to him for collection, including new taxes provided for by statutes enacted after the execution of the bond." Many cases are cited by both appellants and appellee on this proposition of law, but a careful reading of the bond indicates clearly that it is within the contemplation of the sureties on this bond to pay the tax imposed by law, with all penalties and interest, in the way and in the manner provided by law. The alteration was not a material

one, and, in order to release the sureties, such alteration must be clearly and substantially changed in character and nature. *McAuley v. Cooley*, 47 Neb. 165, 66 N. W. 304. In the case at bar the sureties bound themselves to the extent of $4,000 on condition that the principal would pay the state the tax on motor vehicle fuels imposed by law. The obligation of the principal was never changed or altered. Consequently, the obligation of the sureties is a continuing and a subsisting one. This assignment of error is without merit.

The appellants assign as error that the judgment and decree of the trial court are contrary to law and not supported by the evidence; that the plaintiff has failed to prove by competent evidence any cause of action against the defendants. These assignments of error may be grouped into one.

It is a general, well-settled proposition of law that a state cannot lay a tax on interstate commerce in any form, whether on the transportation of subjects of commerce, receipts therefrom, or the occupation or business of carrying it on. *Ozark Pipe Line Corporation v. Monier*, 266 U. S. 555. The principle of law was restated and further explained in *Minnesota v. Blasius*, 290 U. S. 1. See *Purchase v. State*, 109 Neb. 457, 191 N. W. 677.

Section 66-409, Comp. St. 1929, and House Roll No. 6 carried this provision which has not been changed: "No provisions of this Act shall apply or be construed to apply to foreign or interstate commerce, except in so far as the same may be permitted under the provisions of the Constitution and laws of the United States." The act is in agreement with the law on this subject as announced by the supreme court of the United States.

The tax sought to be levied by House Roll No. 6 is an excise tax and has not changed its character from the time of the original act, or the act of 1935, which was declared unconstitutional. This court held in the case of *Burke v. Bass*, 123 Neb. 297, 242 N. W. 606:

"Tax imposed by section 66-405, Comp. St. 1929 (which

is analogous to the tax imposed in the instant case by House Roll No. 6), is an excise tax upon the use and distribution of gasoline within the state.

"An excise tax may be imposed upon the use and distribution of motor vehicle fuel without violation of the commerce clause (section 8, art. I) of the federal Constitution.

"An excise tax upon the use and distribution of motor vehicle fuel is consistent with the due process and equal protection clauses of the Fourteenth Amendment to the Constitution of the United States." See *State v. Cheyenne County*, 127 Neb. 619, 256 N. W. 67.

House Roll No. 6 (Laws 1935, Special Session, ch. 16) repealed the original sections 66-405 and 66-416, Comp. St. Supp. 1933, and chapters 155 and 161, Laws 1935. Section 66-403, Comp. St. Supp. 1933, provides for every dealer, engaged in business, to procure a license from the department of agriculture and inspection to permit said dealer to transact business within the state of Nebraska. The department of agriculture and inspection, upon the application of any person, or persons, having filed the certificate required by law, may issue a license, provided the applicant shall either have made a cash deposit or have furnished a good and sufficient bond, running to the state of Nebraska, conditioned for the payment of all taxes and penalties that may have been assessed against him under the provisions of the act. House Roll No. 6, which amends section 66-405, Comp. St. Supp. 1933, provides in part as follows:

"Every dealer who is now engaged or who may hereafter engage, in his own name or in the name of others, or in the name of his representative, or agents in this state, in the sale, distribution and use of motor vehicle fuels, shall render and have on file with the Department of Agriculture and Inspection by the fifteenth day of each calendar month, beginning with the fifteenth day of the first month after this act shall become effective, on forms prescribed, prepared and furnished by said Department of Agriculture and Inspection, a sworn statement of the number of gallons of motor vehicle fuels, to be based on capacity of container,

received, imported and unloaded and emptied or caused to be received or imported and unloaded and emptied by such dealer in the state of Nebraska."

The evidence discloses that the defendants submitted to the statutory enactment, invoked its provisions by becoming licensed thereunder, qualified by submitting an approved bond, made report to the department of the state, and were in all things seeking compliance with and performance under the law, and by exhibit 3 defendants admitted obligation to the state in the amount of five cents a gallon as an excise tax on all the gasoline brought into the state during January, 1936. The report of the defendants, while admitting an indebtedness of $1,464.28, due the state of Nebraska for taxes on gasoline brought into the state in January, 1936, sought to offset it as against debt credit for cash, exacted from the defendants for the months of March, April, May, June, July and August, 1935, under an act declared by this court to be unconstitutional. The exhibits disclose that defendants designate themselves as licensed importing dealers and resellers. The statute under which defendants operated and under which the report was filed applies only to dealers in the state in the sale, distribution and use of motor vehicle fuels. The exhibits further disclose the date, the place of unloading, car or truck number and the invoice number, unloading shown from the refinery to points in Erickson, O'Neill, Burwell and Ainsworth.

Defendants, as shown by the evidence, have affirmatively brought themselves within the provisions of the statutory enactment, and have represented themselves to the state as licensed importing dealers and resellers as dealers in the state in the sale, distribution and use of motor vehicle fuels; gave their bond for such purpose, which was duly approved, and paid taxes under the act as such dealers. Having brought themselves within the provisions of the act as distributors and dealers in the sale, distribution and use of motor vehicle fuels in the state, and having failed to show that they are engaged in interstate commerce as such, the defendants are estopped from denying that they are

such dealers for the distribution, sale and use of motor vehicle fuels in the state, within the contemplation of the act.

The doctrine of estoppel is pertinent to a decision of this case. This court said in *Graham Ice Cream Co. v. Petros,* 127 Neb. 172, 254 N. W. 869: "Estoppel means 'the preclusion of a person from asserting a fact, by previous conduct inconsistent therewith, on his own part or the part of those under whom he claims, or by an adjudication upon his rights which he cannot be allowed to call in question.' Bouvier's Law Dictionary."

In *Hodde v. Hahn,* 283 Mo. 320, 222 S. W. 799, "estoppel" is defined as "A preclusion in law which prevents a man alleging or denying a fact in consequence of his own previous act, allegation or denial of a contrary tenor." To the same effect are *Reid's Admr. v. Benge,* 112 Ky. 810, 66 S. W. 997; *Wilkins v. Suttles,* 114 N. Car. 550, 19 S. E. 606; *South v. Deaton,* 113 Ky. 312, 68 S. W. 137; *Demarest v. Hopper,* 22 N. J. Law, 599, 619.

In *Lawson v. Edwards,* 293 S. W. (Mo. App.) 794, it was held: "To constitute 'estoppel in pais,' admission, statement, or act inconsistent with position afterwards relied on, action by other party on faith thereof, and injury to such party from allowing first party to contradict or repudiate it, must concur."

In *Oklahoma State Bank v. Galion Iron Works & Mfg. Co.,* 4 Fed. (2d) 337, it was held: "To constitute an 'estoppel,' in the absence of false representations by the party sought to be estopped, he must have been guilty of such conduct as to have given the person pleading the estoppel reason to believe that a state of facts existed inconsistent with those now asserted against him and in reliance on which he acted."

In *Lewis v. King,* 157 La. 718, 103 So. 19, it was held: "Estoppel is bar precluding denial of truth of fact settled by proceedings of judicial or legislative officers or by act of party himself, either by conventional writing or by representations expressed or implied *in pais.*"

As held in *Rodgers v. John,* 131 Md. 455, 102 Atl. 549: "Whether or not the doctrine (of estoppel) applies depends upon the particular facts of each case." And "Whatever may be the real intention of the party making the representation, it is absolutely essential that the representation, whether consisting of words, acts or silence, shall be believed and relied upon as the inducement for action by the party claiming benefit of the estoppel and that so relying, and being so induced by it, took action."

Assignments of error attacking the constitutionality of the act will not be discussed or determined. In *First Trust Co. v. Stenger,* 130 Neb. 750, 266 N. W. 642, this court announced the rule: "A statute will not be declared unconstitutional unless necessary to proper disposition of pending case." This holding was followed in *Howarth v. Becker,* 131 Neb. 233, 267 N. W. 444, and in *State v. Ruback, ante,* p. 335, 281 N. W. 607.

The record is void of evidence on the part of the defendants of their paying taxes under protest or that coercion was used against them.

For the reasons given herein, the judgment of the district court is

AFFIRMED.