REQUESTED BY: Senator John W. DeCamp Nebraska State Legislature Room 1116, State Capitol Lincoln, NE 68509
Dear Senator DeCamp:
You have requested that we review some proposed amendments to LB 336. The amendments that you have provided to us do not carry a number assigned by the revisor of statutes. They appear to be a draft copy. In substance, the amendment imposes a 7 percent tax on all lotteries conducted within the State of Nebraska; vests in the regulatory commission to be established in Section 58 of LB 259 rule making power and authority to regulate, control and supervise conduct of lotteries. You ask us to review these proposed amendments to determine whether they are constitutional.
Since you have indicated that there is an extreme urgency with respect to your request, substantial research has not been possible. We may, however, generally state that an amendment which intends to impose a tax on the gross proceeds of lotteries conducted within the state would be constitutional.See, State v. Smith, 135 Neb. 423,281 N.W.2d 851 (1938) and Thorin v. Burke, 146 Neb. 94,18 N.W.2d 664 (1945).
The second matter that we wish to discuss with respect to your request relates to granting the rule making power to the regulatory commission established by LB 259. While the proposed amendment lists four areas in which the commission is to act, we have some difficulty with the provision which states that the commission shall `Develop procedures and techniques to insure that no improper elements or operators of any lottery activity are operating with the State'. We are unable to determine what would constitute an `improper element' or an `improper operator.'
Arguably, we are able to determine what an improper lottery activity would be by referring to the general lottery statute which sets forth the elements of a lottery. We have been unable to find any definition of `improper elements' or `improper operators.' We believe that this particular provision violates the restrictions on delegating legislative authority. It appears to us to be vague and perhaps overbroad.
The Nebraska Supreme Court in dealing with a statute which provided that the erection or maintenance of an advertising sign visible from the main travel portion of the interstate system was vague.
 "It is a basic principle of due process that an enactment is void for vagueness if its prohibitions are not clearly defined. Vague laws offend several important values. First, because we assume that man is free to steer between lawful and unlawful conduct, we insist that laws give the person of ordinary intelligence a reasonable opportunity to know what is prohibited, so that he may act accordingly. Vague laws may trap the innocent by not providing fair warning. Second, if arbitrary and discriminatory enforcement is to be prevented, laws must provide explicit standards for those who apply them. A vague law impermissibly delegates basic policy matters to policemen, judges, and juries for resolution on an ad hoc and subjective basis, with the attendant dangers of arbitrary and discriminatory application."
State v. Mayhew Products Corp., 211 Neb. 300, 305,308 N.W.2d 280 (1982).
In addition to the vagueness associated with the use of the term `improper elements or operators,' we can conceive of a situation in which a rule would be adopted which would be so broad as to sweep within its net totally innocent people. We therefore are constrained to say that the proposed amendments granting the authority to adopt rules and regulations to ensure that `improper elements or operators' is an improper delegation of legislative authority in that no standards or criteria are laid down to guide the administrative agency.
Very truly yours, PAUL L. DOUGLAS Attorney General Patrick T. O'Brien Assistant Attorney General