ATTORNEY GENERAL *v.* COMMON COUNCIL OF DETROIT.

1. TAXES—EXEMPTIONS—TELEPHONE COMPANIES.

     The property of telephone companies organized under Act No. 129, Pub. Acts 1883 ( 3 How. Stat. chap. 102*a* ), is exempt from local taxation, it being declared by section 8 of the act that such companies shall be subject to taxation in accordance with Act No. 168, Pub. Acts 1881 (1 How. Stat. § 1237 *et seq.* ), which provides for a general tax, the rate of which is to be determined by a state board, "in lieu of all other taxes, state and local."

2. SAME—MUSICAL SOCIETIES.

     The real estate of musical societies incorported under Act No. 128, Sess. Laws 1857 ( 1 How. Stat. chap. 149 ), is by section 8 of the act expressly made subject to taxation the same as other real estate, and hence it does not come within subdivision 4 of section 7, Act No. 206, Pub. Acts 1893, providing that such real estate as shall be owned and occupied by library, benevolent, charitable, educational, and scientific institutions shall be exempt while occupied solely for the purposes for which they were incorporated.

3. SAME — BENEVOLENT AND EDUCATIONAL ASSOCIATIONS — WHAT CONSTITUTE.

     It is not enough, in order to render an association exempt from taxation under the last-mentioned provision, that one of its direct or indirect purposes or results is benevolence, charity, education, or the promotion of science, but it must be organized chiefly, if not solely, for one or more of these objects.

*Mandamus* by Fred A. Maynard, Attorney General, to compel the common council of the city of Detroit, sitting as a board of review, to place the property of certain corporations upon the assessment rolls for taxation. Submitted June 1, 1897. Writ granted June 7, 1897.

*James H. Pound* and *Alfred J. Murphy*, for relator.

*Charles D. Joslyn* and *H. H. Hatch*, for respondent.

PER CURIAM. The board of assessors of the city of Detroit assessed the property, real and personal, of the Masonic Temple Association, at the sum of $169,000, of the Harmonie Society at $47,700, of the Arbeiter Society at the sum of $13,340, and of the Detroit Telephone Company at the sum of $250,000. The common council, sitting as a board of review, held that the property of the Masonic Temple Association and that of the Harmonie Society were exempt from taxation under subdivision 4 of section 7, Act No. 206, Pub. Acts 1893, which reads as follows:

"Such real estate as shall be owned and occupied by library, benevolent, charitable, educational, and scientific institutions incorporated under the laws of this State, with the buildings and other property thereon, while occupied by them solely for the purposes for which they were incorporated: *Provided,* that such exemption shall not apply to fraternal or secret societies, but all charitable homes of such societies shall be exempt."

They reduced the valuation of the property of the Arbeiter Society two-thirds, and of the Detroit Telephone Company to $25,000. The object of this suit is to determine the validity of this action of the council.

1. The property of the Detroit Telephone Company is by law exempt from local taxation. By the act of incorporation (section 8 of Act No. 129, Pub. Acts 1883; 3 How. Stat. § 3718*h*), telephone companies are made subject to taxation in accordance with Act No. 168, Pub. Acts 1881. By this act these companies are required to make a report annually to the auditor general, and the auditor general, state treasurer, and commissioner of the land office are constituted a board to determine the rate of tax to be levied, "which tax shall be in lieu of all other taxes, state and local, and shall be payable to the state treasurer." It follows that the action of the council in assessing this property for local taxation is void.

2. The real estate of the Harmonie Society is not exempt from taxation. 1 How. Stat. § 4471, especially

provides that the real estate of such associations is subject to be taxed as other real estate.

3. The property of the Masonic Temple Association, the Harmonie Society, and the Arbeiter Society is not exempt from taxation. They do not come within subdivision 4 of section 7 of Act No. 206, above quoted. It is not enough, in order to exempt such associations from taxation, that one of the direct or indirect purposes or results is benevolence, charity, education, or the promotion of science. They must be organized chiefly, if not solely, for one or more of these objects.

The writ of *mandamus* will issue in accordance with this opinion.