WESTERN UNION TELEGRAPH COMPANY v. VILLAGE OF WAKEFIELD, NEBRASKA.

FILED JUNE 3, 1903. No. 12,590.

1. **Villages: OCCUPATION TAX: TELEGRAPH COMPANIES.** A village may impose a reasonable occupation tax upon telegraph companies, doing business within the village, which have complied with the telegraph law adopted by congress in 1866.

2. **Occupation Tax: INTERSTATE BUSINESS.** Such tax should be so restricted as to not include any interstate business or business of the government of the United States transacted by such company.

3. **Constitutional Law: VILLAGE ORDINANCE.** Where such ordinance imposes a tax on the business of such company transacted for the government of the United States, it is in violation of the provisions of the constitution of the United States, and, therefore, void.

4. **Case Distinguished.** *Western Union Telegraph Co. v. City of Fremont*, 39 Neb. 692, examined, approved and distinguished.

ERROR to the district court for Dixon county: GUY T. GRAVES, DISTRICT JUDGE. *Reversed.*

*Robert E. Evans* and *Wright, Call & Hubbard,* for plaintiff in error.

*John H. Brown, contra.*

OLDHAM, C.

This was an action instituted by the village of Wakefield, Nebraska, for the purpose of collecting an occupation tax imposed by an ordinance of said village on the

Western Union Telegraph Company. The section of the ordinance on which this cause of action is founded is as follows:

"Every person, copartnership or corporation who shall engage in the business or occupation of receiving, delivering or transmitting messages by electricity between points within the state of Nebraska, and the village of Wakefield, and every person or corporation owning or operating lines for the transmission of messages by wire between such points and who shall maintain in the said village an office for the receiving, transmission and delivery of such messages either by telegraph or telephone, shall pay to the treasurer of the village of Wakefield a license tax of $20 at such times as are provided in section two of this ordinance for the payment of license taxes."

The petition alleges the incorporation of the village; the passage and publication of the ordinance; the levy of a tax under its provisions, and the failure and refusal of the telegraph company to pay the same for the years 1900 and 1901, after proper demand made.

Defendant answered this petition, admitting the incorporation of the village; the passage and publication of the ordinance; the levy of the tax; the refusal of defendant to pay the same after a demand properly made, and that defendant was conducting a telegraph office in the village. The answer further alleged in substance that the ordinance is wholly void and of no effect, as being a tax levied upon interstate commerce; it then sets out the nature and extent of the business in which defendant is engaged; its compliance with the telegraph law enacted by congress July 24, 1866; and alleges that in compliance with this act "it has constructed its lines of telegraph over the public highways and post roads, including generally the railroads in the United States, and that all of said railroads, including the line of the Chicago, St. Paul, Minneapolis & Omaha Railway Company running through said village of Wakefield, are post roads of the United States"; that it is engaged in sending and receiving tele-

21

grams over its whole system between its office in Wakefield and other places of the United States, and also between the several departments of the government of the United States and their officers and agents, and that the ordinance operates as a tax upon the use of the post roads established by the authority of the United States.

It is also alleged that the amount of the tax imposed by the ordinance upon telegraph companies is unreasonable and prohibitive in its nature.

There is no question raised as to the regularity of the passage of the ordinance; it being admitted that villages in this state have the authority to pass ordinances to impose and collect a reasonable occupation tax.

Every question involved in this controversy has been determined by this court in the case of *Western Union Telegraph Co. v. City of Fremont,* 39 Neb. 692, except the question as to the reasonableness of the tax imposed and the question as to whether this ordinance imposes a tax on the business of the government of the United States.

The ordinance of the city of Fremont, which was upheld in the case just cited, provided specifically that the tax should not be levied "upon any business or occupation which is interstate or which is done or conducted by any department of the government of the United States or of this state, or any officer of the United States," etc. The opinion in this case was carefully prepared and the various decisions of the United States supreme court on the validity of ordinances and statutes taxing intrastate business of telegraph and other companies engaged in interstate commerce are closely examined and the conclusion is reached that "while the state can not tax either the interstate or government business of a telegraph company, it possesses the power to impose a tax upon such business of such company as is carried on wholly within the state, provided such tax is not levied in gross upon state as well as interstate business, but is restricted to intrastate business solely." While a motion for a new trial was pending in this case, the supreme court of the

United States, in the case of *Postal Telegraph Cable Co. v. Charleston,* 153 U. S. 692, announced a decision on the validity of an ordinance imposing an occupation tax similar in nature to that imposed by the city of Fremont, which fully sustained the conclusion reached by this court as to the validity of such an ordinance.

If the ordinance in controversy had contained a clause specifically excluding from its operation interstate business and business transacted for the government of the United States by the telegraph company, we would then only need to examine the question of the reasonableness of the tax imposed by the ordinance, which we would not regard as a very serious question. Unfortunately, no such clause is in the ordinance now before us; the provision being that "every person, copartnership or corporation who shall engage in the business or occupation of receiving, delivering or transmitting messages by electricity between points within the state of Nebraska and the village of Wakefield, and every person or corporation owning or operating lines for the transmission of messages by wire between such points and who shall maintain in the said village an office * * * shall pay," etc.

While we think this ordinance would by its terms fairly exclude all interstate business of the company, yet we can not say that it does exclude business of the government of the United States transacted by the company through its officers within the state. This being true, it takes the instant case without both the letter and the reason of the rule announced in *Western Union Telegraph Co. v. City of Fremont, supra,* and *Postal Telegraph Cable Co. v. Charleston, supra.*

As we are thus confronted with a federal question that this court has not as yet passed upon, we must look for its correct solution to the decisions of the supreme court of the United States, where the rule seems to be well settled.

In the first place, it is settled that where a statute of a state or an ordinance of a city properly enacted, imposes a tax on the receipts of a telegraph company which has

complied with the provisions of the act of congress of 1866, and such tax can be separated between the receipts of the company for interstate and government business and the receipts from business transacted within the state, the tax will be upheld on intrastate business alone, and the right to impose the tax will be denied as to United States and interstate business. *Ratterman v. Western Union Telegraph Co.*, 127 U. S. 411; *Telegraph Co. v. Texas*, 105 U. S. 460.

With reference to an occupation tax laid in general terms upon a telegraph company, acting under the tele-graph law passed by congress in 1866, it is held that such tax is unconstitutional and void. *Leloup v. Port of Mobile*, 127 U. S. 640. This case, however, was examined and distinguished by Shiras, J., in *Postal Telegraph Cable Co. v. Charleston, supra,* and held not to apply to an ordinance imposing an occupation tax upon a telegraph company engaged in interstate business, which contained a specific provision not including any business done to or from points without the state, and not including any business done for the government of the United States, its officers or agents.

As already indicated, we think the ordinance now before us fairly excludes from its operation taxes imposed on interstate business, and so far as that objection is concerned it can be sustained under the rule announced in *Western Union Telegraph Co. v. Massachusetts*, 125 U. S. 530, and in *Pacific Express Co. v. Seibert,* 142 U. S. 339.

If this ordinance had specifically excluded from its provisions all business of the United States, we would not hesitate to proclaim its validity, but for failing to do so we think it fatally defective. Being an occupation tax which is not susceptible of division, it operates as a regulation on all business within the scope of its provisions, and, so far as it includes government messages, it is a tax by the municipality "on the means employed by the government of the United States to execute its constitutional powers and therefore void. It was so decided in

*McCulloch v. Maryland,* 4 Wheat. (U. S.) 316, and has never been doubted since." *Telegraph Co. v. Texas, supra.*

It is therefore recommended that the judgment of the district court be reversed and the cause remanded.

BARNES and POUND, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is reversed and the cause remanded.

REVERSED.

SULLIVAN, C. J., dissenting.

The village undertook to tax persons or corporations engaged in the "business or occupation of receiving, delivering or transmitting" messages between Wakefield and other points in this state. It does not appear that the handling of government messages constituted any part of such business for the year ending May 1, 1901. The tax in question was, therefore, in truth and in fact, a burden upon private intrastate business and upon that only. The tax being laid upon the business of "receiving, delivering or transmitting," and not upon the business of standing ready to receive, deliver and transmit, I can not understand how the bare fact of having accepted the provisions of the act of congress can constitute a defense. Had the tax been imposed upon the business of maintaining an office at Wakefield, the position taken by the commissioners and approved by the court would doubtless be tenable. But in the absence of any showing that the sending or receiving of government messages constituted a part of the defendant's busines at Wakefield, I can not agree to the conclusion that it has been taxed on account of being engaged in a business in which it was to some extent acting as a government agency.