Courtright v. Dodge County.

---

WILLIAM J. COURTRIGHT, APPELLANT, V. DODGE COUNTY, APPELLEE.

FILED DECEMBER 4, 1913. No. 18,220.

1. **Taxation: ASSESSMENT.** "A state may make the ownership of property subject to taxation relate to any day or days or period of the year which it may think proper; and the selection of a particular day on which returns of their property for the purpose of assessment are to be made by taxpayers does not preclude the making of assessments as of other periods of the year." *Shotwell v. Moore*, 129 U. S. 590.

2. ———: ———. Section 37, art. I, ch. 77, Comp. St. 1911, requires the assessor to list property brought into this state by any person

after April 1st and before July 1st, which is found in the possession of the owner, for taxation; and provides that the owner, in order to escape taxation thereon, shall show to the assessor, under oath, and by producing a copy of the assessment duly certified to by the proper officer of the state or county in which said property was assessed, that said property has been listed for taxation for that year in some other county in this state, or in some other state or territory of the United States, or that said property has been received by him in exchange for money or property listed for taxation during that year.

3. ———: ———: EVIDENCE. An affidavit of the owner of such property that he did not own it on the 1st day of April, and did not bring it into the state since that date, is insufficient to authorize the assessor or the county board of equalization to strike such property from the assessment rolls.

APPEAL from the district court for Dodge county: CONRAD HOLLENBECK, JUDGE. *Affirmed*.

*Courtright & Sidner*, for appellant.

*F. W. Button, contra.*

BARNES, J.

Appeal from a judgment of the district court for Dodge county, affirming an order of the board of equalization of that county assessing an automobile for taxation for the current year. The cause was tried upon the following stipulation: "It is admitted by the parties to this action that on April 15, 1913, the appellant, Wiliam J. Court-right, purchased an automobile, the same being the one which was assessed to him; that previous to said time he did not own, have charge of or have in his possession any automobile; that he did not return any automobile for assessment, but assessment was made by the county assessor after the return was made, and on June 9, 1913; that said automobile was purchased at Omaha, Nebraska, on April 15, 1913, and the same was delivered to appellant on said date at Omaha, Nebraska; the purchase of said automobile being made from the Rambler Motor Company, which the parties to this action understand to be

a branch office or a branch of the Thomas B. Jeffery Company, a corporation which manufactures said automobiles outside of the state of Nebraska, and that said automobile is of the 1913 model, and was brought into Nebraska by the Rambler Motor Company of Omaha prior to April 15, 1913.

"It is further stipulated and agreed by the parties to this action that there was no arrangement or contract entered into between the purchaser and the Rambler Motor Company before the purchase originated on the 15th day of April, 1913.

"It is agreed by and between the parties to this action that this case shall be and is hereby submitted to the court without a jury under the foregoing stipulation of facts, and the court shall determine as to whether or not the appellant shall be assessed for said automobile. It is admitted that the appellant is and has been a resident of Dodge county, Nebraska, for years past."

It thus appears that the automobile in question was owned by appellant, Courtright, on the 15th day of April, 1913, and was found in his possession in Dodge county, Nebraska, immediately after that date. It also appears that appellant did not own the machine on April 1, 1913, and that he did not himself bring it into this state before that date, but it was brought here by some other person.

On the foregoing facts it is contended by the appellant that because he was not the owner of the machine on the 1st day of April, 1913, and did not bring it into this state, it is not taxable to him for that year; in other words, that he is not required to pay the tax thereon which the board of equalization assessed against him. To determine the question thus presented requires an examination of some of the provisions of the revenue law of 1903. Section 28 of that law (Comp. St. 1911, ch. 77, art. I) provides: "Every person of full age and sound mind, being a resident of this state, shall list all his moneys, credits, bonds, or stocks, shares of stock or joint stock or other companies, when the capital stock of such company is not

assessed in this state, moneys loaned or invested, annuities, franchises, royalties, and all other personal property." To that end the revenue act provides that a schedule containing a full list of the various forms of personal property liable to assessment shall be furnished by the assessor to each taxpayer, who shall make out, and verify by his oath, a statement of all personal property which he is required to list for taxation. The taxpayer, after completing his list, is required to attach thereto the oath, which reads as follows: Section 52. "I, ———, being duly sworn, say that the foregoing statement and schedule is true and contains a full and complete list of all property held by or belonging to me on the first day of April, including all personal property pertaining to merchandising, whether held in actual possession or having been purchased with a view to possession or profit. * * * I further swear that, since the first day of April of last year, I have not directly or indirectly converted or exchanged any of my property temporarily, for the purpose of evading the assessment thereof for taxes, into nontaxable property or securities of any kind, or transferred or transmitted the same to any person or in anywise for the purpose of evading the assessment thereof, and that my answers to the foregoing interrogatories are true."

It is appellant's contention that only such property as a taxpayer owned on the 1st day of April is liable for taxation for the current year, and this contention seems to be based on the proposition that the oath attached to the schedule is required to be made with reference to that date. This contention, were there no other provisions relating to the assessment of property contained in the revenue act, would be unanswerable, but the legislature, in order to prevent property owned by the taxpayer which is acquired by him during the period provided for making the assessment from escaping taxation for the current year, by section 37, art. I, ch. 77, Comp. St. 1911, provided: "When any person shall bring personal property into the state after the first day of April and prior to the

first day of July in any year, it shall be the duty of the assessor to list and return such property for taxation that year, unless the owner thereof shall show to the assessor, under oath, and by producing a copy of the assessment duly certified to by the proper officer of the state or county in which said property was assessed, that the same property has been listed for taxation for that year in some other county in this state, or in some other state or territory of the United States, or that said property has been received by him in exchange for money or property already listed for taxation during that year."

In construing the provisions of the revenue law all parts of it should be considered together; and, as we view its provisions, it was the evident intention of the legislature to provide for the taxation of property acquired by the taxpayer at any time after the 1st day of April, when he is supposed to have made oath to the schedule of property returned by him, and the 1st day of July of the current year, and it is made the positive duty of the assessor to list property found in the possession of the taxpayer and owned by him which has been brought into the state by any person during that period. To sustain the appellant's contention would in effect destroy the whole purpose of the provision of the revenue law above quoted. This provision cannot work a hardship to the taxpayer, because it is within his power, and the law makes it his duty, to make oath, and produce a copy of the assessment duly certified by the proper officer of the county in which the property was assessed, that said property had been listed for taxation for that year in some other county in this state, or in some other state or territory of the United States, or that the property in question has been received by him in exchange for money or property already listed for taxation during that year.

As above stated, the assessor of Dodge county found the automobile in question in the possession of and owned by appellant shortly after the 15th day of April, 1913. It thereupon became the plain duty of the appellant, if he

desired to escape taxation of the automobile for that year, to make oath and produce the certificate showing that the property had been assessed, either in some other county in this state, or some other state or territory, or that he had obtained it in exchange for other money or property which he had already listed for taxation for that year. The appellant did not comply with the provisions of this section of the revenue law, and therefore the trial court had no alternative but to sustain the action of the assessor and the board of equalization in listing the automobile for taxation.

Appellant cites *Gaar, Scott & Co. v. Sorum,* 11 N. Dak. 164, and relies principally upon that decision to sustain his contention. As we understand it, that decision is based upon the revenue law of the state of North Dakota, which differs materially from the revenue law of this state. To follow the rule there announced would in effect annul all of the provisions of the revenue law relating to the taxation of property other than that which was actually owned by the taxpayer on the 1st day of April of the current year, and hence we decline to follow it. Again, the revenue law provides for the taxation of live stock brought into this state from other jurisdictions between the 1st day of April and the first day of July of each year, and this provision has been upheld by this court. In *Mercantile Incorporating Co. v. Junkin,* 85 Neb. 561, it was said: "The taxing power vested in the legislature is without limit, except such as may be prescribed by the constitution itself. The maxim, *'expressio unius est exclusio alterius,'* does not apply in the construction of constitutional provisions regulating the taxing power of the legislature." In *Shotwell v. Moore,* 129 U. S. 590, it was said: "A state may make the ownership of property subject to taxation relate to any day or days or period of the year which it may think proper; and the selection of a particular day on which returns of their property for the purpose of assessment are to be made by taxpayers does not preclude the making of assessments as of other periods

of the year." It thus appears that these provisions of the revenue law are sustained by respectable authority.

We come now to consider the objection made by the appellant to the board of equalization, which reads as follows: "To the County Board of Equalization of Dodge county, Nebraska, and to Charles R. Schaeffer, County Assessor: - You are hereby notified that on April 1, 1913, I did not own any automobile and had not contracted for the purchase of any, and have not brought any automobile into the state of Nebraska, and that your assessment or proposed assessment to me of an automobile is without authority and improper and contrary to the statutes, and objection and exception is hereby taken thereto. You are requested to cancel said assessment, if one has been made." (Signed and verified by W. J. Courtright.) No other evidence was offered before the board of equalization in support of this objection, and the only evidence introduced at the trial in the district court was the stipulation above quoted. It therefore seems clear that the appellant failed to establish any fact which would authorize the assessor or the board of equalization to permit him to escape taxation on the automobile in question for the current year.

For the foregoing reasons, the judgment of the district court is

AFFIRMED.