Peters Trust Co. v. Douglas County.

---

PETERS TRUST COMPANY, APPELLANT, V. DOUGLAS COUNTY, APPELLEE.

FILED OCTOBER 14, 1921.   No. 21556.

1. Taxation: TRUST COMPANIES: SHARES OF STOCK. Shares of stock in a trust company are a distinct entity from the capital stock, or property and assets of the corporation.

2. ———: ———: ———. The tax contemplated by section 6343, Rev. St. 1913, as amended by ch. 108, Laws 1915, relating to the taxation of trust companies, is a tax upon the shares of stock in the hands of stockholders, and is not a tax upon the property of the corporation.

3. ———: ———: "CAPITAL STOCK." The words "capital stock," as used in section 6343, *supra*, does not mean capital stock in the aggregate, but shares of capital stock in the hands of stockholders which are subject to taxation.

4. ———: ———: SHARES OF STOCK: DEDUCTION OF SECURITIES. When the tax is laid upon shares of stock of a trust company in the hands of the stockholders, no deduction of securities exempt from taxation, owned by the trust company, is required to be made by the laws of this state or by the laws of the United States.

APPEAL from the district court for Douglas county: WILLIS G. SEARS, JUDGE. *Affirmed.*

*Stout, Rose, Wells & Martin,* for appellant.

*W. W. Slabaugh* and *A. V. Shotwell, contra.*

Heard before LETTON, DEAN and DAY, JJ., GOOD and RAPER, District Judges.

GOOD, District Judge.

This is an appeal from the assessment for taxation of the shares of stock of the Peters Trust Company, appellant herein. Appellant requested the taxing authorities of Douglas county to deduct from the valuation for assessment purposes certain bonds of joint stock land banks, organized under the laws of the United States, and certain United States Liberty bonds, which were at the time of the assessment owned by appellant. The request was denied, and on appeal the action of the taxing authorities was upheld by the judgment of the district court. This appeal is lodged to review that judgment.

It is conceded that both series of bonds are not subject to taxation as property in the hands of their owners. Appellant insists that including these bonds in the valuation of the shares of stock for assessment purposes, as required to be done under section 6343, Rev. St. 1913, as amended by chapter 108, Laws 1915, does in effect lay a tax on the bonds in the hands of their owners, and is contrary to the laws of the United States declaring such bonds exempt from taxation in the hands of their owners.

The solution of the question presented depends on the interpretation given to said section 6343, as amended, which provided the same method and procedure for the assessment of the shares of stock of trust companies that are provided for the assessment of shares of stock of banking corporations. In *State v. First Nat. Bank,* 103 Neb. 280, this court, after a thorough and elaborate presentation by able counsel, and after full investigation and careful consideration, construed said section in so far as

it relates to the assessment of shares of stock of banking corporations. The reasons for the interpretation and authorities sustaining the conclusions reached are therein set forth and will not be repeated here. The principles therein stated and the conclusions reached are applicable to and control the decision in this case. Following the rules laid down in *State v. First Nat. Bank, supra,* we hold that shares of stock in a trust company are a distinct entity from the capital stock, or property and assets of the corporation; that the tax contemplated by section 6343, Rev. St. 1913, as amended by chapter 108, Laws 1915, relating to the taxation of trust companies, is a tax upon the shares of stock in the hands of stockholders, and is not a tax upon the property of the corporation; that the words "capital stock," as used in section 6343, *supra,* does not mean capital stock in the aggregate, but shares of capital stock in the hands of stockholders which are subject to taxation; and that, when the tax is laid upon shares of stock of a trust company in the hands of the stockholders, no deduction of securities exempt from taxation, owned by the trust company, is required to be made by the laws of this state or by the laws of the United States.

The judgment of the district court is

AFFIRMED.