Allied Contractors, Inc., v. Board of Equalization.

---

ALLIED CONTRACTORS, INC., APPELLANT, V. BOARD OF EQUALIZATION OF DOUGLAS COUNTY, APPELLEE.

FILED JUNE 12, 1925.   No. 23184.

1. **Corporations:** SHARES OF STOCK. Shares of stock of a corporation are a distinct entity from the capital stock, or property and assets of the corporation.

2. **Taxation:** DOMESTIC CORPORATIONS: SHARES OF STOCK: VALUATION. In fixing the value of the shares of stock in a domestic corporation under the provisions of section 5884, Comp. St. 1922, no deduction is permitted on account of bonds, warrants or other evidences of indebtedness issued by the state or governmental subdivisions thereof, owned by the corporation.

3. ———: BONDS AND WARRANTS: CONSTITUTIONAL LAW. That part of section 5884, Comp. St. 1922, providing that "bonds and warrants or other evidences of indebtedness of this state or governmental subdivisions thereof shall be listed and taxed at one mill on the dollar of the actual valuation thereof," *held* to be unconstitutional.

4. ———: ———. Bonds, warrants, or other evidences of indebtedness of the state or governmental subdivisions thereof are instrumentalities of the government, and are not subject to taxation.

APPEAL from the district court for Douglas county: WILLIAM A. REDICK, JUDGE. *Affirmed.*

*Glenn N. Venrick,* for appellant.

*W. W. Slabaugh* and *Henry J. Beal, contra.*

Heard before ROSE, DEAN, DAY, GOOD, THOMPSON and EVANS, JJ., and SHEPHERD, District Judge.

DAY, J.

Appellant, a domestic corporation, appeals from a judgment of the district court for Douglas county sustaining the action of the board of equalization of said county in fixing the value of the shares of stock of said corporation for taxation purposes.

The schedule returned by appellant in April, 1922, listed its capital stock, surplus and undivided profits at $200,000. from this amount it deducted the value of certain tangible property, specifically described, listed at $15,485, and certain property outside of the state listed at $108,618. Appellant also deducted certain warrants owned by it, issued by governmental subdivisions of the state, listed at $74,932. After making these deductions, the value of the shares of stock reported for taxation was $965.

The board of equalization, as well as the district court, refused to allow any deduction on account of the warrants above mentioned, and accordingly fixed the value of the shares of stock for taxation at $75,897. The question presented by the record is whether appellant was entitled to deduct from the actual value of its paid-up capital stock, surplus and undivided profits, the actual value of certain warrants issued by governmental subdivisions of the state and owned by the appellant corporation. A solution of the question involves an examination of section 5884, Comp. St. 1922, which is a part of the revenue law of the state pertaining to the taxation of intangible property.

The section in part reads as follows:

"Moneys, gross credits, including corporation shares or stocks * * * securities, debentures, bonds (other than those of the United States or of this state or governmental subdivision of this state), * * * and all other intangible property * * * shall be separately listed and shall be taxed on the basis of twenty-five per cent. of the mill rate levied upon tangible property where said intangible property is assessed, the same to be assessed and collected where the owner resides."

The same section then provides as follows:

"Provided, that the value of the shares or stock of corporations organized under the laws of this state shall be determined for the purpose of this section by deducting from the actual value of the paid-up capital stock, surplus and undivided profits of such corporation available for stock dividends, the actual value of the property of the corporation, both tangible and intangible, listed and taxed in this state. * * * Such corporation shall pay the tax assessed upon its stock or shares and shall have a lien thereon for the same, except that the stock or shares of domestic building and loan associations shall be assessed to and the tax paid by the individual owners thereof."

The section further provides:

"Bonds and warrants or other evidences of indebtedness of this state or governmental subdivisions thereof shall be listed and taxed at one mill on the dollar of the actual valuation thereof."

An examination of the revenue law, of which the section above referred to is a part, manifests an intention on the part of the legislature to classify property subject to taxation into two groups—tangible and intangible. With respect to tangible property the act provides in a general way that it should be listed for taxation at its true value, and assessed upon the full mill-rate levy. With respect to intangible property, it is provided, with certain exceptions, that it is to be listed at its true value, and assessed at 25 per cent. of the mill rate levied upon tangible property.

It will be observed that the section of the statute above mentioned specifically provides the manner for determining the value of shares of stock in domestic corporations for the purpose of taxation. In this respect the act provides that, from the actual value of the paid-up capital stock, surplus and undivided profits, there should be deducted the actual value of the property of the corporation, both tangible and intangible, "listed and taxed" in this state, and the actual value of the property of the corporation outside of the state.

While the corporation as such is required to make a re-turn to the taxing authorities of the values of its shares of stock, theoretically, at least, it does so for its individual shareholders. The corporation is required to pay the tax on the shares of stock, but is given a lien on such shares for the amount of taxes paid.

In this connection it is well to bear in mind that shares of stock in the hands of an individual are a distinct entity from the property of the corporation. A corporation, like an individual, may own tax free securities.

The case before us, however, does not concern the corporation property as such, but relates to the shares of stock presumably held by individuals. The corporation property, which is subject to taxation, is assessed against it. A part of the misunderstanding arises, no doubt, from the fact that the corporation makes the return without being required to give a list of its stock holders, with the number of shares held by each, as is the case in banking corporations. A similar principle was involved in *Peters Trust Co. v. Douglas County*, 106 Neb. 877. In that case the court had under consideration section 6343, Rev. St. 1913, relating to the taxation of shares of stock in a trust company. Under that section the corporation was required to make a return of its shares of stock to the taxing authorities substantially in the same manner as is required of domestic corporations under the section of the statute now being considered. In that case it was held:

"Shares of stock in a trust company are a distinct entity from the capital stock, or property and assets of the corporation."

And, further: "When the tax is laid upon shares of stock of a trust company in the hands of the stockholders, no deduction of securities exempt from taxation, owned by the trust company, is required to be made by the laws of this state or by the laws of the United States."

With respect to the provisions of the section providing that "bonds and warrants or other evidences of indebtedness of this state or governmental subdivisions thereof shall

be listed and taxed at one mill on the dollar of the actual valuation thereof," we are of the view that such provision must be held unconstitutional. This court in *Droll v. Furnas County*, 108 Neb. 85, held:

"Warrants issued by a governmental subdivision of the state for a lawful purpose are instrumentalities of the government." And, further: "Unless plainly provided by a constitutional provision, public property and the instrumentalities of government are not subject to taxation."

It is the policy of the state to avoid, as far as possible, double taxation. The legislature, in recognition of this principle, has provided that the value of the shares of stock in a domestic corporation for taxation purposes shall be determined by deducting from the value of the capital stock, surplus and undivided profits, the value of property owned by the corporation, both tangible and intangible, which is "listed and taxed" in this state against the corporation, as well as the actual value of the property of the corporation outside of the state. Eliminating from the provisions of the statute the unconstitutional part relating to the listing and taxing of bonds and warrants issued by the state or governmental subdivisions thereof, then there is no provision for listing and taxing such property against the corporation, and hence no authority in the law exists for deducting from the value of the shares the warrants in question.

It is argued by appellant that, if the provisions of the statute above quoted respecting the listing of bonds and warrants for taxation is held to be unconstitutional, then the entire section must be held to be unconstitutional, because the provision referred to was an inducement to the passage of the entire section. We are not inclined to agree with this contention. The basic thought of the legislation was to provide a system of taxation which would reach all classes of intangible property which was subject to taxation. Generally speaking, this was to be taxed at 25 per cent. of the mill-rate levy on tangible property. The provision respecting bonds and warrants of the state and governmental subdivisions thereof is a complete thought in

itself, and the tax to be levied upon such property was one mill on the dollar valuation. Considering the entire act as a whole, we are of the view that the sentence in question may be eliminated without affecting the validity of the remaining parts.

Other propositions are argued in support of appellant's contention which we have considered, but we deem them not well taken.

The judgment of the district court is

AFFIRMED.

Note—See Taxation, 37 Cyc. 983, 988, 1031.