STATE OF NEBRASKA, PLAINTIFF, V. CHEYENNE COUNTY, DEFENDANT.

FILED JULY 17, 1934. No. 29036.

*Paul F. Good, Attorney General,* and *Daniel Stubbs,* for plaintiff.

*R. P. Kepler,* for defendant.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and PAINE, JJ., and LIVINGSTON, District Judge.

EBERLY, J.

This is a civil action instituted in this court by the state of Nebraska under the provisions of chapter 66, Comp. St. 1929, as subsequently amended, against Cheyenne county for taxes upon certain gasoline which, it is alleged, that county "received, imported, and unloaded" for its use into the state of Nebraska. In this connection the statute referred to defines as a dealer: "Any person * * * corporation, state, county, municipality, or subdivision of either thereof, who imports or causes to be imported into the state of Nebraska * * * such motor vehicle fuel as herein defined, any part of which is for use, distribution, sale or delivery in the state of Nebraska." Comp. St. 1929, sec. 66-401.

Section 66-405, Comp. St. 1929, as amended, imposes a tax of four cents a gallon on each gallon of gasoline imported for use by a dealer as above defined. It is substantially agreed by the parties that the county of Cheyenne purchased, received, imported and used certain gasoline in the form of motor vehicle fuels at the times and in the amounts set forth in plaintiff's petition, and that the tax fixed and determined by section 66-401 and section 66-405, Comp. St. 1929, as subsequently amended, if valid, has not been paid; that the defendant, Cheyenne county, purchased the motor vehicle fuels solely for use in the construction and maintenance of its highways, and it was not purchased for resale or distribution to any other person.

On the basis of these facts, the defendant county, as its sole defense, challenges the validity of the statute, so far as applicable to counties, as being in contravention of section 2, art. VIII of the Constitution, which provides: "The property of the state and its governmental subdivisions shall be exempt from taxation;" and likewise repugnant to section 7, art. VIII of the Constitution, which provides, in

part: "The legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes." The questions here presented involve a challenge to the taxing power of the state. The proper solution of them necessitates the due consideration and proper application of certain fundamental principles.

It is axiomatic that provisions of a state Constitution in relation to taxation are not grants of power, but are limitations on the taxing power of the state. *State v. Donald,* 160 Wis. 21.

In this state we are more specifically committed to the view that "the taxing power vested in the legislature is without limit, except such as may be prescribed by the Constitution itself." *State v. Lancaster County,* 4 Neb. 537. See, also, *Mercantile Incorporating Co. v. Junkin,* 85 Neb. 561; *Courtright v. Dodge County,* 94 Neb. 669.

And the proper construction of these constitutional limitations necessarily requires the due application of the principle that limitations or restrictions upon the exercise of this essential power of sovereignty can never be raised by implication, but the intention to impose them must be expressed in clear, unambiguous language. *Lane County v. Oregon,* 7 Wall. (U. S.) 71; *State v. Parker,* 32 N. J. Law, 426; *Hill v. Roberts,* 142 Tenn. 215; *Vertrees v. State Board of Elections,* 141 Tenn. 645; *Eyre v. Jacob,* 14 Grat. (Va.) 422.

The conclusion is that the language employed in the provisions of our state Constitution, on which the defendant relies, should be given a fair, reasonable interpretation to ascertain the true intent as to their scope, and then should be strictly applied and enforced so that the limits they define shall not be unduly enlarged or extended. The inhibition of section 2, art. VIII of the Constitution, as quoted, is limited to "the property of the state and its governmental subdivisions." This court is committed to the view that our "state gasoline tax" here involved is an excise tax and not a property tax. *Burke v. Bass,* 123 Neb. 297. See, also, *Bowman v. Continental Oil Co.,* 256

U. S. 642; *Monamotor Oil Co. v. Johnson,* 78 L. Ed. U. S. 706.

The generally accepted rule of construction appears to be that state "constitutional provisions relating to property taxes do not apply to excise taxes." 61 C. J. 155. See, also, 1 Cooley, Taxation (4th ed.) 348; *Hunt v. Callaghan,* 32 Ariz. 235; *Drainage District No. 1 v. Richardson County,* 86 Neb. 355; *In re Estate of Rudge,* 114 Neb. 335; *Harkreader v. Turnpike Co.,* 101 Tenn. 680; *Trenton v. Humel,* 134 Mo. App. 595; *City of Ardmore v. State,* 32 Pac. (2d) (Okla.) 728; *City of Louisville v. Cromwell,* 233 Ky. 828; *Portland v. Kozer,* 108 Or. 375.

It follows that defendant's claim of exemption from payment of the gasoline tax may not be sustained under section 2, art. VIII of our Constitution.

We cannot accept defendant's contention that the gasoline tax law is in contravention of the constitutional inhibition that "The legislature shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes." Const. art. VIII, sec. 7.

Section 26-101, Comp. St. 1929, provides: "Each county * * * shall be a body politic and corporate, by the name and style of 'The County of ————,' and by that name may sue and be sued, plead and shall be impleaded, defend and be defended against, in any court having jurisdiction," etc. But this court has held that identical language was insufficient to constitute a "municipal corporation." *State v. County Commissioners of Douglas County,* 47 Neb. 428.

In *State v. Board of County Commissioners,* 109 Neb. 35, Flansburg, J., in delivering the opinion of this court, says, in part: "It must be remembered that a county does not possess the double governmental and private character that cities do. It is governmental only, and in that capacity acts purely as an agent of the state. The funds raised by taxation in the county are subject to the direction and control of the legislature for public use in that county, and the property of the county, acquired by funds raised through taxation, is property of which the state can

direct the management and disposition, so long at least as it acts for the benefit of the public in the taxing district. *City of Edwardsville v. County of Madison,* 251 Ill. 265; *Reclamation District v. Superior Court,* 171 Cal. 672; *Board of Commissioners v. Lucas,* 93 U. S. 108; *State v. St. Louis County Court,* 34 Mo. 546; *Dunne v. County of Rock Island,* 283 Ill. 628; *Harris v. Board of Supervisors,* 105 Ill. 445; *Heffner v. Cass and Morgan Counties,* 193 Ill. 439; *Erskine v. Steele County,* 87 Fed. 630; 15 C. J. 536, sec. 220."

In *Bliss v. Pathfinder Irrigation District,* 122 Neb. 203, this court, in discussing the essential difference between a public corporation and a municipal corporation, made the following observations: "Corporations are generally classed as public and private. While a municipality is a public corporation, it does not follow that every public corporation is a municipality. In 1 Dillon, Municipal Corporations (5th ed.) 58, sec. 31, the term 'municipal corporation' is defined as follows: 'A *municipal corporation,* in its strict and proper sense, is the body politic and corporate constituted by the incorporation of the inhabitants of a city or town for the purposes of local government thereof. Municipal corporations as they exist in this country are bodies politic and corporate of the general character above described, established by law partly as an agency of the state to assist in the civil government of the country, but chiefly to regulate and administer the local or internal affairs of the city, town, or district which is incorporated.' A like definition is found in 43 C. J. 65."

The definition in 43 C. J. 65, thus referred to with approval, is as follows: "A municipal corporation is a legal institution formed by charter from sovereign power, erecting a populous community of prescribed area into a body politic and corporate with corporate name and continuous succession and for the purpose and with the authority of subordinate self-government and improvement and local administration of affairs of state. The foregoing definition presents the logical and practical view of a municipal

corporation. It is a brief formula embracing the essential elements and excluding other kindred bodies called quasi corporations. It expressly includes: The body of individuals; the sanction of the sovereign; the definite public purpose; the necessary powers; the charter; and the primary incidents of name and succession. These are the elements generally recognized as essential to a municipal corporation. It impliedly excludes parishes, counties, townships, and districts, which are almost municipalities and yet are deficient in some of the essential attributes of a municipal corporation; while it expresses the complex nature of the corporation, whereby it acts as a municipium, and also as a local agency for administering and enforcing the laws of the state."

This approved and accepted definition excludes counties from the scope of the term "municipal corporations," as employed in section 7, art. VIII of the Constitution, which conclusion is reinforced by the conceded fact that, in Nebraska, "a county does not possess the double governmental and private character that cities do" (*State v. Board of County Commissioners, supra*), which is one of the essential attributes of a municipal corporation. It therefore follows that, viewing the constitutional provision under consideration as a limitation of or exemption to the sovereign power of taxation, and giving the term "municipal corporations" employed therein a fair, reasonable interpretation in the light of the principle that such restriction or limitation can never be raised by implication but the intention to impose them must be expressed in clear, unambiguous language, counties are not embraced therein, are not municipal corporations, and are not entitled to the benefits of the restriction and limitation provided by section 7, art. VIII of the Constitution. See *City of Ardmore v. State*, 32 Pac. (2d) (Okla.) 728.

Judgment will therefore be entered in favor of the state and against the defendant county, as prayed.

JUDGMENT FOR PLAINTIFF.

ROSE, J., dissents.