CONSUMERS PUBLIC POWER DISTRICT, A PUBLIC CORPORATION AND POLITICAL SUBDIVISION OF THE STATE OF NEBRASKA, APPELLANT, V. CITY OF LINCOLN, A MUNICIPAL CORPORATION, ET AL., APPELLEES.

95 N. W. 2d 357

Filed March 13, 1959.  No. 34531.

*Healey, Davies, Wilson & Barlow,* for appellant.

*Ralph D. Nelson* and *Norma VerMaas,* for appellees.

Heard before SIMMONS, C. J., CARTER, YEAGER, CHAPPELL, WENKE, and BOSLAUGH, JJ.

CARTER, J.

This is an action for a judgment declaring that Consumers Public Power District is not subject to nor liable for the payment of an occupation tax levied by the city of Lincoln on the gross revenues derived from the sale of electricity within the city. A demurrer to the amended petition was sustained and Consumers stood on its petition. From a judgment of dismissal Consumers has appealed.

The city of Lincoln is a charter city of the primary class. Its city charter authorizes the city to levy an occupation tax on public service property or corporations and to raise revenue by levying and collecting a license or occupation tax. Pursuant to such authority the city levied an occupation tax of 3 percent on retail sales of electricity within the city with credit for payments made by the taxpayer in lieu of taxes.

Consumers is a public power district organized under Chapter 70, article 6, R. R. S. 1943. It is a public corporation and political subdivision of the state. Platte Valley Public Power & Irr. Dist. v. County of Lincoln, 144 Neb. 584, 14 N. W. 2d 202, 155 A. L. R. 412; United Community Services v. Omaha Nat. Bank, 162 Neb. 786, 77 N. W. 2d 576. In 1941 Consumers became the owner of property previously belonging to the Iowa-Nebraska Light & Power Company. Since that date Consumers has annually paid approximately $21,300 to the city of Lincoln in lieu of taxes, including an occupation tax of $1,750. The payment of $21,300 in lieu of taxes is required by law and is based on the taxes paid by the

Iowa-Nebraska Light & Power Company as required by section 70-651, R. R. S. 1943.

Section 70-651, R. R. S. 1943, provides: "Whenever any such district shall purchase or acquire the plant or property of an existing privately owned public utility furnishing electrical energy for heat, light, power, or other purposes, for use within this state, such purchase shall be upon the condition expressed in the contract of purchase and instrument of conveyance that such district as long as it shall continue to be the owner of such property, shall annually pay out of its revenue, to the State of Nebraska, county, city, village and school district in which such public utility property is located, in lieu of taxes, a sum equal to the amount which the state, county, city, village and school district received from taxation, including occupation taxes, from such property or from the person, firm or corporation owning the same during the year immediately preceding the purchase or acquisition of such property by such power district. The directors of any such district shall not incur any personal liability by reason of the making of such payments." No question of constitutional validity is raised by this appeal. The only question is the right of the city to levy the occupation tax it did in view of the provisions of section 70-651, R. R. S. 1943.

We think the rule is clear in this state that a public corporation is not subject to taxation outside of the scope of the prohibition contained in Article VIII, section 2, of the Constitution, unless the power to tax is expressly conferred by the Legislature which has plenary power over it. Droll v. Furnas County, 108 Neb. 85, 187 N. W. 876, 26 A. L. R. 543; State v. Cheyenne County, 127 Neb. 619, 256 N. W. 67. The general rule is: "Although there is authority to the contrary, as a general rule taxes may not be imposed by a state on its own governmental agencies or instrumentalities, or on those of its municipal corporations, nor may taxes be imposed by a municipality on the agencies or instrumen-

talities of a state, unless a statute specifically renders them subject to tax." 84 C. J. S., Taxation, § 213, p. 410. See, also, Allied Contractors, Inc. v. Board of Equalization, 113 Neb. 627, 204 N. W. 374; City of Idaho Falls v. Pfost, 53 Idaho 247, 23 P. 2d 245; Newton v. City of Atlanta, 189 Ga. 441, 6 S. E. 2d 61. We have found no statutory provision expressly authorizing a municipality to levy an occupation tax against public corporations or other political subdivisions of the state.

On the other hand, section 70-651, R. R. S. 1943, provides that the amount paid out of its revenue in lieu of taxes shall be a sum equal to that which the state, county, city, village, and school district received from taxation, including occupation taxes, during the year immediately preceding the purchase or acquisition of the property of the power district. The amount to be paid annually in lieu of taxes was frozen at the designated amount except as provided in section 70-652, R. R. S. 1943. The act provided that the amount was to include occupation taxes. This clearly indicates that the amount to be paid in lieu of taxes is not to be increased by any taxes, including occupation taxes. The intent of the statute is clear that the amount paid was to be in lieu of all taxes, including occupation taxes. Where the law of the state requires the payment of an amount in lieu of taxes, a municipality is without authority to levy an occupation tax. This is particularly true where the occupation tax is specifically listed as a tax for which the amount in lieu of taxes is made. It follows that the ordinance purporting to levy an occupation tax is void and of no effect. Attorney General v. Common Council of Detroit, 113 Mich. 388, 71 N. W. 632; Wisconsin Telephone Co. v. City of Oshkosh, 62 Wis. 32, 21 N. W. 828; 1 Cooley on Taxation (4th Ed.), § 127, p. 304.

It is contended by the city of Lincoln that section 70-651, R. R. S. 1943, has no application to the city because of its status as a home rule charter city. There

is no merit to this contention. It must be remembered that the Legislature has plenary control over all municipalities. Municipalities have only such powers of taxation as are specifically granted by the Legislature. Where the power to tax is granted or withheld, it is a matter of state-wide concern which must apply to all cities of a class whether they be home rule cities or not. This appears so fundamental that a citation of authority seems unnecessary. This conclusion, however, is generally supported by our holdings in Axberg v. City of Lincoln, 141 Neb. 55, 2 N. W. 2d 613, 141 A. L. R. 894, and Omaha Parking Authority v. City of Omaha, 163 Neb. 97, 77 N. W. 2d 862.

We necessarily hold that section 70-651, R. R. S. 1943, involves a matter of state-wide concern. The provisions of the Lincoln home rule charter and ordinances adopted pursuant to it must yield to the provisions of section 70-651, R. R. S. 1943.

We conclude that the levy of the occupation tax here complained of is inconsistent with the law of the state involving a matter of state-wide concern and is wholly void. Necessarily the levy of the occupation tax is void and the tax uncollectible.

The trial court erred in sustaining the demurrer to plaintiff's petition. The judgment is reversed and the cause remanded for further proceedings.

REVERSED AND REMANDED.

MESSMORE, J., participating on briefs.