REQUESTED BY: Senator John DeCamp State Capitol Room 1116 Lincoln, Nebraska 68509
Dear Senator DeCamp:
You have asked that we examine a bill which you proposed to introduce, which would be known as the Nebraska Lamb Industry Development Act, and advise you as to its constitutionality.
The proposed bill would establish the Nebraska Lamb Industry Development Board whose duties would include the development, implementation, administration, and direction of a Lamb Industry Program, to pursue and expand domestic and foreign lamb markets, and correct and alleviate transportation problems affecting the marketing of Nebraska produced lamb. The bill provides for the composition and duties of a seven member board and defines terms used in the bill.
The bill also provides that the Board will receive a fee of $.25 per head upon all lamb sold in the State of Nebraska. The fee would be paid by the seller at the time of sale or delivery and would be collected by the market, or purchaser, as the case may be. The Board may raise or lower the fee as it deems necessary to generate sufficient revenue to finance the programs conducted by the Board. There is a limit to the amount the fee may be raised in any one year, and the total fee may not exceed $.50 per head.
The bill further provides for the initial appointment and election of the members of the Board from districts specifically described within the bill.
It appears that the proposed bill is a word for word copy of the Nebraska Beef Industry Development Act passed by the Legislature in 1983, and now appearing as Article 21 in Chapter 54 of our statutes.
From our research we have found no Nebraska Supreme Court case dealing directly with the overall constitutionality of the type of program established by the bill. However, numerous courts in other states have considered programs similar to that set forth in this bill. See,State ex. rel. Graham v. Enking, 59 Idaho 321, 82 P.2d 649
(1983), Robison v. Dwyer, 58 Wn.2d 576, 364 P.2d 521
(1961), Wicklam v. Trapani, 246 N.Y.S.2d 137, 41 Misc.2d 749
(1964), Ralston Purina Co. v. Hagemeister,188 N.W.2d 405 (N.D. 1971), State v. Vahlsing, 88 A.2d 144 (ME 1952). In most of these cases from other jurisdictions, programs similar to those provided in this bill have been held to constitute a form of excise tax. Furthermore, in all the cases cited above the programs involved have been upheld as constitutional. The various state courts have held that programs similar to that envisioned by the proposed Lamb Bill do not violate constitutional guarantees of due process or equal protection, that they do have an acceptable public purpose, and that they do not involve an impermissible of delegation of legislative authority.
In cases which we have found which held similar programs to be unconstitutional the facts involved in each of the cases could be distinguished from a situation which would exist under the Lamb Bill.
While the Nebraska Supreme Court has not considered the constitutionality of Legislation similar to the Lamb bill, the Court has, however, indicated that excise taxes may be authorized by law. Licking v. Hayes Lumber Company,146 Neb. 240, 19 N.W.2d 148 (1945). If the fees charged under the provisions of the Lamb Bill are considered to be an excise tax, this case would seem to support the constitutionality of such a tax levied. Also, in general, our Supreme Court has indicated that the taxing power of the Legislature is without limit except as may be specifically proscribed by our Constitution itself. State v. CheyenneCounty, 127 Neb. 619, 256 N.W. 67 (1934).
Based upon the various authorities discussed above, it is our opinion that the general provisions of the proposed bill establishing the Nebraska Lamb Industries Development Board are constitutional. It is also our opinion that the Board may legally charge the fees in the manner provided for in the bill.
Sincerely,
PAUL L. DOUGLAS Attorney General
Bernard L. Packett Assistant Attorney General