Sherry Harrington Director Colorado Lottery 700 Broadway, Suite 930 Denver, CO 80220
Dear Ms. Harrington:
I am writing in response to the request of your office for a formal legal opinion concerning a city's imposition of a tax on the sales of lottery tickets.
QUESTION PRESENTED AND CONCLUSION
May a political subdivision impose a sales tax on the sale of lottery tickets issued by the State Lottery Division?
No.
ANALYSIS
You have asked whether the City of Arvada or other political subdivisions may impose a tax on the sales of lottery tickets. Generally, a municipal corporation or political subdivision may not impose a tax on a state agency. City of Tempe v. ArizonaBoard of Regents, 11 Ariz. App. 24, 461 P.2d 503 (1969);Consumers Public Power District v. City of Lincoln,168 Neb. 183, 95 N.W.2d 357 (1959); cf. Borough ofWilkinsburg v. School District, 365 Pa. 254, 71 A.2d 138
(1950). See City of Boulder v. Regents ofUniversity of Colorado, 179 Colo. 420, 501 P.2d 420 (1972). The powers and duties assigned to state agencies must be exercised without control by municipalities or political subdivisions, Board of Regents of Universities v. City ofTempe, 88 Ariz. 299, 356 P.2d 399, 406 (1960), and local taxation could impede the success of a state function.Southeastern Pennsylvania Transportation Authority v. Boardof Assessment and Revision of Taxes of Delaware County,13 Pa. Commw. 207, 319 A.2d 10 (1974).
Raising funds to defray state expenses is certainly a state function. Colo. Const. art. V., § 31; art. X, § 2. The primary purpose of the state lottery is to raise revenues for the conservation trust fund, the Division of Parks and Recreation, and the capital construction fund. Colo. Const. art XVIII. secs. 1 and 7; section 24-35-210(4), C.R.S. (1982 1986 Supp.). The Lottery Division determines the manner in which lottery sales revenues are to be collected, section 24-35-208(2)(i), C.R.S. (1982), and retains responsibility for payment of prizes until the prize is actually paid, section 24-35-212(2) and (3), C.R.S. (1982); 1 CCR 206-1(3.3)(c) at 13 (8-86).[1] To this end, the State Lottery Division sells its lottery tickets through licensed sales outlets. The Lottery Division, in effect, pays the licensees to insure the adequate availability of tickets to prospective buyers and to make the purchase of tickets convenient for the public, section 24-35-208(2)(h), C.R.S. (1982), 1 CCR 206-2(3.1) and (5.10) at 13, 29 (8-86).
In a similar situation, the Colorado Supreme Court has determined that an admissions tax could not be imposed by a home rule city on a state sponsored educational function. City ofBoulder, supra. The City of Boulder placed an admissions tax on certain cultural events (i.e. lectures, dissertations, art exhibits, etc.) sponsored by the University of Colorado. The court held that "the home rule authority of a city does not permit it to tax a person's acquisition of education furnished by the state." City of Boulder,supra, 501 P.2d at 126.
The supreme court's analysis is applicable to the sale of lottery tickets. The sale of lottery tickets is a state function which is designed to provide additional revenue for the designated state funds. The licensed sales agents are only outlets, and not owners, of the tickets. They are selling tickets on behalf of the ticket owners, the State Lottery Division.[2] Because the imposition of a sales tax on the sale of lottery tickets would ultimately burden the ability of the state to fulfill the important objectives envisioned by the people in adopting section 7 of article XVIII of the state constitution, it is beyond the authority of the political subdivision to enact.
SUMMARY
A political subdivision may not impose a sales tax on the sale of lottery tickets issued by the State Lottery Division.
Very truly yours,
 DUANE WOODARD Attorney General
CONTESTS GAMBLING TAXATION AND REVENUE
REVENUE LOTTERY DEPT. OF Lottery Div.
Colo. Const. art. V., § 31; art. X, § 2. Colo. Const. art XVIII. secs. 1 and 7 Section 24-35-208(2)(h), C.R.S.(1982) Section 24-35-208(2)(i), C.R.S. (1982) Section 24-35-210(4), C.R.S. (1982 1986 Supp.). Section 24-35-212(2) and (3), C.R.S.(1982)
1 CCR 206-1(3.3)(c) at 13 (8-86) 1 CCR 206-2(3.1) and (5.10) at 13, 29 (8-86)
A political subdivision may not impose a sales tax on the sale of lottery tickets issued by the State Lottery Division.
[1] Read together, the statutes and rules unmistakably reveal an intent that the Lottery Division retain control over the process of selling lottery tickets for the purpose of raising revenues for state functions.
[2] While the Division has established a consignment type of system for handling the tickets, neither the statutes nor the Division's rules provide that title of the tickets shall pass from the state to anyone prior to their purchase by a member of the general public. Rather, they only enhance the ability of the lottery to collect revenue promptly and to place the risk of loss on the licensee while he has actual possession.